## BRIDGET FRENCH, RESPONDENT, *v.* SOLOMON D. McMILLAN, APPELLANT.

*Duty of a treasurer of a company, formed under chapter* 40 *of* 1848, *to furnish a statement of its affairs to a stockholder* — 1854, *chap.* 201, *sec.* 1, *as amended by* 1862, *chap.* 472, *sec.* 1 — *what the statement must contain.*

Section 1 of chapter 261 of 1854, as amended by section 1 of chapter 472 of 1862, provides that whenever any person or persons owning certain percentage of the capital stock of any company incorporated under chapter 40 of 1848, "shall present a written request to the treasurer thereof that they desired a statement of the affairs of such company, it shall be the duty of such treasurer to make a statement of the affairs of said company, under oath. embracing a particular account of all its assets and liabilities in minute detail, and to deliver such statement to the person who presented the said written request to said treasurer within twenty days after such presentation." The plaintiff, who owned more than the percentage, mentioned in the statute, of the stock of the Plumbago Oil Company, a corporation formed under chapter 40 of 1848, presented to the defendant, the treasurer of the company. the written request mentioned in the said section, stating that she desired a statement of the affairs of such company.

The defendant made, under oath, a statement in detail of the assets and liabilities of the company, which was delivered to the plaintiff, who shortly thereafter called upon the defendant and informed him that the statement was not the one she wanted, that she wanted a statement of all the oil that was sold. Upon the refusal of the defendant to furnish any other or further statement the plaintiff brought this action to recover the penalties imposed by the said section for a violation of any of the provisions thereof.

*Held*, that the statement furnished by the defendant was such a statement as was required by the act, and that he was not required to include therein the business transactions of the company.

APPEAL from a judgment entered in Monroe county on the report of a referee.

The defendant was treasurer of the Plumbago Oil Company, of which the plaintiff was a stockholder. She brought this action to recover the penalty prescribed by statute for the alleged failure of the defendant to make and deliver to her a statement of the affairs of the company, and recovered $1,550.

*Edward Harris,* for the appellant.

*J. A. Stull,* for the respondent.

BRADLEY, J.:

The Plumbago Oil Company was incorporated under the laws of 1848, chapter 40, known as the general manufacturing act, and its capital stock was $500,000, of which the plaintiff owned more than three per cent. The defendant was treasurer of the company, and on the 15th day of February, 1884, she presented to him the written request mentioned in the statute, which provides that "whenever any person or persons owning five per cent of the capital stock of any company, not exceeding one hundred thousand dollars, or any person or persons owning three per cent of the capital stock of any company, exceeding one hundred thousand dollars, formed under the provisions of this act, shall present a written request to the treasurer thereof that they desire a statement of the affairs of such company, it shall be the duty of such treasurer to make a statement of the affairs of said company, under oath, embracing a particular account of all its assets and liabilities, in minute detail, and to deliver such statement to the person who presented the said written request to said treasurer, within twenty

days after such presentation. * * * If such treasurer shall neglect or refuse to comply with any of the provisions of this act, he shall forfeit and pay to the person presenting said written request, the sum of fifty dollars, and the further sum of ten dollars for every twenty-four hours thereafter, until such statement shall be furnished, to be sued for and recovered in any court having cognizance thereof." (Laws of 1854, chap. 201, § 1, as amended by Laws of 1862, chap. 472, § 1.) The defendant made, under oath, a statement in detail of the assets and liabilities of the company, which was delivered to the plaintiff, who shortly after called upon the defendant and informed him that the " statement was not the one she wanted; that she wanted a statement of all the oil that was sold. The defendant insisted that she was not entitled to any such statement, and that in furnishing said statement he had complied strictly with the demand of the statute." This fact is stated as found by the referee, and he further found that the defendant furnished the statement in good faith, believing that it was all the statute required; that he furnished her no further statement; that the time intervening that of such interview between the parties, and the time of the commencement of this action was 150 days of twenty-four hours each; that the statement so furnished " was not such a statement of the affairs of the said company, embracing a particular account of all its assets and liabilities, as the plaintiff was entitled to have received from the defendant, and as the defendant was bound to make and deliver to the plaintiff," and that the plaintiff was entitled to recover $1,550. The question here is one of interpretation and force of the words " affairs of such company under oath, embracing a particular account of all its assets and liabilities " in the statute referred to. That section was not in the original act of 1848, but was added as section 27 to it, by Laws of 1854, chapter 201.

The contention on the part of the plaintiff is, and such was the view of the referee, that something more than the assets and liabilities of the company is necessary to complete the statement required by the statute, that the term " affairs " is broad enough to include the business transactions of the company, and necessarily means more than its financial condition, and that such is the purpose of its use, and the force of its meaning in the statute, is indicated by

its connection with what follows it in describing the requirement upon the treasurer, and that the account of the "assets and liabilities" are within and constitute a part only of a statement more comprehensive, which is defined by this word "affairs," and that this appears by the use of the word "embracing," in its application to the phrase of which it forms a part. In the construction of a statute and the interpretation of the words used in it, reference may be had to the purpose in view, and to the mischief, if any, designed to be overcome, which otherwise might exist, so far as the same may be ascertained from the statute, and it, as a whole, and those *in pari materia*, may be referred to for such purpose. But a penal statute will not be extended by implication. It is entitled to a reasonable construction and such as its terms fairly import. (*Verona C. C. Co.* v. *Murtaugh,* 50 N. Y., 314; *Bonnell* v. *Griswold,* 80 id., 128.)

The stock, property and concerns of the company and managed by the trustees, who may elect such subordinate officers as may be designated by its by-laws. The treasurer comes within such subordinate officers who may be so designated and elected. His general duties are not defined by the statute, except that the trustees shall cause a book to be kept by him or a clerk, containing the names of the stockholders, showing their places of residence, the number of shares held by each of them, and when they became the owners of such shares, and the amount of stock paid in. (Laws 1848, chap. 40, § 25.)

The general character and purpose of the office of treasurer fairly imports that he has the charge of the accounts, showing the financial condition of his company, as represented by its assets and liabilities. But his relation to the company is not necessarily such as to bring into the accounts in his charge the details of all the corporate business transactions through its various agencies, although the financial results go on to his books, yet if the statute in question makes it necessary for him to supply such details, on written request for a statement of the affairs of the company, that impliedly makes it his duty to have the means of doing so, and that of the company to require its other agents and officers to supply him with them. If it be assumed that this term "statement of the affairs," in its application and effect, includes and requires more than a statement of the

assets and liabilities of the company, it is an indefinite term unless it embraces all the business transactions of the company, as those which the required statement must contain, without qualification in respect to character or the time of their occurrence; and if it is claimed that the transactions, within the meaning of this provision of the statute, are those only which in some manner have relation to the financial condition of the company at the time the request and statement are made, then it is less clearly defined, because it then must depend upon the judgment and determination of the treasurer as to the remoteness of those which may or may not have such relation.

The framers of the statute evidently had in view the results of the business of the corporation, and the representation of those results financially, and hence required that the statement should contain " a particular account of all its assets and liabilities in minute detail." The direction to that extent, and to that only, is defined by the statute. ·The statement is treated by the referee as, in that respect and to that extent, a compliance with the statute, and we think, in view of the evidence, and for the purposes of the trial, he was justified in so doing, and for the purposes of this review we so assume. As found by him the only objection made to it by the plaintiff was it " was not what she wanted; that she wanted a statement of all the oil sold." This was no less within the affairs of the company than were the prices for which and the times when sold, and the persons to whom the sales were made, nor than the quantity manufactured from time to time and on hand; and, perhaps, many other transactions, the omission of which would render the statement insufficient upon the construction claimed for this statute. It is not to be supposed that the legislature intended to subject a party to a penalty without violation of a well-defined duty, nor upon doubtful construction. The information in view of this provision was the financial condition of the corporation, and the purpose was to furnish the means to enable a stockholder to obtain it; and the statute has defined what the statement of the affairs he is entitled to demand and receive from its fiscal officer shall contain. We think the reasonable interpretation of the provision in question is such that the term " affairs " is no broader in the intended requirement, than the defined account which the officer is

directed to embrace in the statement; and that while the word
"embracing," in its connection there, is not one of limitation, it
characterizes what is requisite to constitute a statement of the affairs
of the company, within the meaning of such term there employed,
and has the same mandatory import as would the words "consist-
ing of" or "containing;" and that while it did not have the effect
of excluding from the statement other matters, it must. to be
effectual, contain an account of the assets and liabilities.

We have thus far proceeded to consider what is deemed the
reasonable construction of the statute, without any expressed refer-
ence to the technical definition of any of the words of the pro-
vision. That of "affairs," so far as applicable here, is "business."
And, in common parlance, the situation of affairs and of business
is the financial condition as represented by the assets and liabilities.
And when they are made to appear in detail, the information of
the affairs of a party, according to the common understanding and
in the ordinary sense, is furnished. The plain and ordinary signifi
cation of words in common use, when found in a statute, is usually
to be given to them. (*Holmes* v. *Carley*, 31 N. Y., 289.) There
are some further provisions of the statute tending somewhat to
show what was the information. designed by means of the direction
of this provision, to be furnished to the stockholders. In the
section first referred to, is the further provision that when he
makes the requested statement, the treasurer shall also place and
keep on file in his office, for six months thereafter, a copy of it,
which shall at all times, during business hours, be exhibited to any
stockholder demanding an examination of it, and that he shall not
be required to make and deliver one upon such written request,
before referred to, oftener than once in six months. And by the
section following, it is provided that, "should not any such written
statement * * * be demanded during the year preceding the
annual meeting of the stockholders * * * it shall be the duty
of the treasurer * * * to prepare and exhibit to the stock-
holders then and there assembled, a general statement of the assets
and liabilities of such company." (Laws 1862, chap. 472, § 2.)

The fact that the requisition upon the treasurer for a statement
may be made once in six months and not oftener, and that he is
not required to keep a copy on file longer than that time, tend to

indicate the legislative intent that the information required to be furnished by the statement is the financial situation of the company only. The alleged right to a statement of the varied business transactions of the company does not seem consistent with these provisions of the statute, as there is nothing which extends such an inquiry over, or limits it to any particular period of time, and the response to it might require the statement, and each one made, to embrace the whole time of the business existence of the company preceding the time of its delivery to the requesting stockholder. Then the nature and purpose of the required statement which is to be provided to the stockholders annually, if none has been called for and filed within the year, also goes to characterize the effect and purpose of the provision in question of the preceding section, and in support of the view that it was intended to require only a detailed account of the assets and liabilities of the company, so as to enable the stockholder to appreciate the value of the shares of the stock held by him, and the financial standing of the company. This statute was made for the interest which the stockholders had in common. We think that the construction contended for by the plaintiff is not reasonably within the letter or spirit of the statute.

The judgment should be reversed and a new trial granted, costs to abide the event.

HAIGHT and LEWIS, JJ., concurred.

Judgment reversed and new trial ordered before another referee, costs to abide event.